IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **07-cv-01280-JLK**

**ELAINE IVORY HARDING,**

    Plaintiff,

v.

**SENTINEL INSURANCE CO., LTD., a Virginia corporation,**

    Defendant.

_____

ORDER REMANDING CASE TO STATE COURT
_____

KANE, J.

    This insurance coverage action – premised on a three-page state court complaint alleging the unspecified theft of unspecified items under an unspecified insurance policy for an unspecified coverage amount – is before me on the defendant insurance company's Notice of Removal. The only hint that the action *may* satisfy the jurisdictional prerequisite of a dispute in excess of $75,000 is the Civil Cover Sheet filed by Plaintiff with her state court complaint opting out of Colorado's Simplified [pretrial] Procedures under C.R.C.P. 16.1. Notwithstanding the fact that other judges in this district have deemed the state civil cover sheet sufficient to establish the factual predicate for the jurisdictional amount at issue to support diversity jurisdiction under 28 U.S.C. § 1332,[1] I

---

[1] *See* Judge Blackburn's February 15, 2005 Order Denying Motion to Remand, Civil Action No. 04-RB-1735 (attached as Ex. B to Notice of Removal) *and* Judge Figa's Order of Remand in *Henderson v. Target Stores*, 431 F. Supp.2d 1143 (D. Colo. 2006)(concluding civil cover sheet was a "paper" from which store could ascertain that the amount in controversy exceeded the federal

disagree with the practice.  I find it contrary to the Tenth Circuit's application and strict construction of statutes conferring federal jurisdiction, and decline to imbue Colorado's form civil cover sheet with the quality or status of a deposition, interrogatory response or factual admission sufficient to establish the amount in controversy for § 1332 purposes.

To be removable, a civil action must satisfy the requirements for federal jurisdiction.  28 U.S.C. § 1441(a).  Federal jurisdiction in the instant removal action is premised on diversity of citizenship under 28 U.S.C. § 1332.  In this circuit, Courts are "rigorously [to] enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states."  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001) (quoting *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998)).  "[T]here is a presumption against removal jurisdiction," *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *see Franklin*, 251 F.3d at 1289, so that all doubts are resolved in favor of remand.  *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

In a removal case, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332, specifically including the amount in controversy requirement, have been satisfied.  *Franklin*, 251 F.3d at 1290.  When the plaintiff's

---

diversity threshold of $75,000 so as to trigger 30-day period for removal).  Judge Figa's ruling in particular may operate as a Catch-22 of sorts for defendants, but I am convinced of the propriety of treating the civil cover sheet, standing alone, as insufficient to establish the factual prerequisite of the $75,000 case in controversy amount.  I also note that Judge Figa's ruling in *Henderson* was also informed by plaintiff's discovery responses, which supported the court's conclusion that "plaintiff has always been upfront in stating she is seeking more than the federal threshold," *id.* at 1145, and is therefore clearly distinguishable from the instant case on that basis.

damages are unspecified, the defendant must establish the jurisdictional amount by a preponderance of the evidence. *Id.* A defendant's assertion, with nothing more, that the matter in controversy exceeds $75,000 is insufficient to establish removal jurisdiction. *See Huffman*, 183 F.3d at 1185 (plaintiff's deposition ultimately established amount in controversy exceeded jurisdictional minimum, but case remanded because defendant failed to remove case within thirty days of discovering that fact).

In the instant case, Defendant relies on Plaintiffs' "Simplified Procedure under C.R.C.P. 16.1" representation in their state court action Civil Case Cover Sheet to assert the amount in controversy "exceeds the sum or value of $75,000 exclusive of interest and costs" because "Plaintiffs are seeking a monetary judgment for more than $100,000 against Defendants." This is an inadequate basis for establishing the jurisdictional amount for diversity jurisdiction under applicable standards in this circuit. Colorado's C.R.C.P. 16.1 Case Management Cover Sheet for Initial Pleading of Complaint, Counterclaim, Cross-Claim or Third Party Complaint is a form accompanying the pleading of an initial pleading of a complaint requiring a party to check boxes indicating whether "Simplified Procedure" under Rule 16.1 applies in a given case. The form provides boxes indicating Simplified Procedure "**applies**" because the pleading party "does not seek a monetary judgment in excess of $100,000" or "**does not apply**" because, among other things, the pleading party "is seeking a monetary judgment for more than $100,000." The purpose of the form is to identify cases *for* "Simplified Procedure" under Rule 16.1 and to exclude all others. I decline to construe the checking of a box on a civil

cover sheet as a factual representation or admission for removal purposes that the actual amount in controversy in a case is "in excess" of $75,000.

This case is REMANDED to the District Court for Denver County, Colorado.

Dated June 20, 2007.

                                          **s/John L. Kane**
                                          SENIOR U.S. DISTRICT JUDGE